UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MICHELLE WILLIAMS f/k/a MICHELLE DARGAN, individually and and as class representative for all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LENDMARK FINANCIAL SERVICES, INC., <br><br> Defendant. | **WDQ13CV1740** <br><br> Civil Action No. _____ <br> (Removed from Circuit Court for Baltimore City, Case No. 24-C-13-002773 |

### NOTICE OF REMOVAL
(Class Action Fairness Act)

Defendant Lendmark Financial Services, Inc. ("Lendmark"), through its undersigned attorneys, hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Baltimore City to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. § 1332(d) (the Class Action Fairness Act). As grounds for removal, Lendmark states the following:

#### Procedural History

1. On May 9, 2013, Plaintiff filed a Complaint seeking relief for herself and a class of consumer borrowers of Lendmark who allegedly were charged late fees in violation of their credit agreements and Maryland law (the "State Court Action"). Copies of the Complaint and the summons are attached collectively as **Exhibit 1**. Specifically, Plaintiff alleges that Lendmark violated Maryland's Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Code Ann., Com. Law II

("CL") § 12-1001, *et seq.*, and CL § 14-1315, with respect to the manner in which the late charge provision appears in her credit agreement and the timing and amount of the late charges collected from Plaintiff. *See* Counts One and Two of Complaint. Based on these same allegations, Plaintiff also asserts claims for breaching the terms of her credit agreement, violating the Maryland Consumer Protection Act, CL § 13-301, *et seq.*, and negligent misrepresentation. *See* Counts Three, Four and Five of Complaint.

2. The Complaint alleges that the proposed class numbers consists "at a minimum, of several hundred (and likely thousands) of persons. Complaint, ¶ 62.

3. In addition to seeking recovery of the statutory penalties available under CLEC, Plaintiff is seeking the return of all late fees paid by Plaintiff and those she seeks to represent as well as her reasonable attorneys' fees. *See* Complaint at 18 (Prayer for Relief). Plaintiff also seeks unspecified compensatory and punitive damages, plus pre-judgment and post-judgment interest and reasonable attorneys' fees. *Id.*

4. The summons and a copy of the Complaint were served on Lendmark on May 17, 2013.

## REMOVAL

5. Removal to this Court is proper. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, Northern Division, which is the federal district court embracing the state court where the Complaint was filed.

6. Removal of this action is timely. This Notice of Removal is being filed with the United States District Court for the District of Maryland on June 14, 2013, within thirty days after service of the summons and a copy of the Complaint on Lendmark. *See* 28 U.S.C. § 1446(b).

7. All other procedural requirements have been met.

   a. Contemporaneously filed herewith are copies of all process, pleadings and orders received by Lendmark in the underlying state court action. *See* 28 U.S.C. § 1446(a); Local Rule 103(5)(a).

   b. Attached hereto as **Exhibit 2** is a copy of the Notice of Filing of Notice of Removal that Lendmark will file with the Clerk of the Circuit Court for Baltimore City, Maryland and will promptly serve upon plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

## STATUTORY REQUIREMENTS

8. The Court has jurisdiction over Plaintiff's putative class action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

9. CAFA entitles Lendmark to remove the State Court Action because (a) the putative class consists of at least 100 purported members; (b) the citizenship of at least one putative class member is different from that of Lendmark; (c) the aggregate amount placed in controversy by the claim asserted by Plaintiff in the Complaint exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (d) none of the exceptions set forth in subsection (4) apply. *See* 28 U.S.C. § 1332(d). By establishing the statutory basis for removal under CAFA, Lendmark does not in any way concede the allegations against them or the propriety of this action proceeding as a class action.

10. Removal under CAFA is proper where the number of putative class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B). This requirement is satisfied because there are more than 100 consumer borrowers who entered into a credit contract with Lendmark that is governed by CLEC and

whose accounts were charged or assessed, at least, one late fee. Complaint, ¶ 62. Within the three year period prior to the filing of the Complaint, approximately 175,000 consumer borrowers were charged or assessed one or more late fees by Lendmark in connection with credit contracts governed by CLEC. *See* Declaration of Patsy Jones, attached as **Exhibit 3**.

11. Under CAFA, diversity of citizenship exists between the parties if, at the time of the filing of the State Court Action and at the time of the filing of this Notice of Removal, any member of the putative class is a citizen of a State different from Lendmark. *See* 28 U.S.C. § 1332(d)(2).

12. The named Plaintiff, Ms. Williams, alleges that she is a citizen of Maryland. Complaint, ¶ 16.

13. Lendmark is a foreign corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 2118 Usher Street, Covington, Georgia 30014. *See* 28 U.S.C. § 1332(c)(1) (defining corporate citizenship); Complaint, ¶ 19 (alleging citizenship of Lendmark). .

14. Accordingly, the citizenship of the putative class representative is different from the citizenship of Lendmark.

15. Under CAFA, the claims of individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

16. Based upon the size of the alleged class and the monetary relief sought against Lendmark as alleged in the Complaint, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Among the relief sought in the Complaint, Plaintiff seeks to recover against Lendmark the statutory penalties available under CLEC. *See* Complaint at 18 (Prayer for

Relief). These penalties are outlined in CL § 12-1018 which provides, in pertinent part, that "if a credit grantor violates any provision of this subtitle the credit grantor may collect only the principal amount of the loan and may not collect any interest, costs, fees, or other charges with respect to the loan." CL § 12-1018(a)(2). The late fees about which Plaintiff now complains is presumably included in the "fees" or "charges" that a credit grantor may not collect in the event of a violation of CLEC. In case there is any doubt, Plaintiff is also seeking an order requiring Lendmark to repay all late fees collected from Plaintiff and the putative class she seeks to represent. An order requiring Lendmark to return the total amount of late fees paid by the approximately 175,000 consumer borrowers who were charged or assessed, at least one late fee, in connection with credit contracts governed by CLEC would place more than $5,000,000 in controversy. Ex. 3, Declaration of Patsy Jones.

17. By establishing the statutory basis for removal under CAFA, Lendmark does not in any way concede the allegations against it, the appropriateness of either the proposed class definition, or the propriety of this action proceeding as a class action. Further, Lendmark's statement that the matter in controversy is in excess of $5 million is not intended to constitute an admission or acquiescence that the types of damages and categories of relief sought by Plaintiff are available for the claims plead or that plaintiff or the putative classes are entitled to any relief.

18. Having satisfied all of the requirements for removal under CAFA, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and removal is proper.

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1441 and 1446, Defendant Lendmark Financial Services, Inc. respectfully serves notice that the above-referenced civil action, now pending in the Circuit Court for Baltimore City, Maryland, is removed therefrom to the United States District Court for the District of Maryland.

Respectfully submitted,

_____
Brian L. Moffet (Fed. Bar No. 13821)

_____
John Y. Lee (Fed. Bar No. 28313)
GORDON FEINBLATT LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202-3332
Telephone No.: 410/576 - 4291
Fax No.: 410/576 – 4269
Email: bmoffet@gfrlaw.com
         jlee@gfrlaw.com
*Attorneys for Defendant*
*Lendmark Financial Services, Inc.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June 2013, a copy of the foregoing Notice of Removal was mailed, first-class, postage prepaid, to: Cory L. Zajdel, Esq., Cory L. Zajdel, 301 Main Street, Suite 2-D, Reisterstown, Maryland 21136, *Attorney for Plaintiff.*

_____
Brian L. Moffet